STATE of Wisconsin, Plaintiff-Respondent,

v.

Duane A. JOHNSON, Defendant-Appellant.

Court of Appeals

*No. 94–0175–CR. Submitted on briefs August 11, 1994.—Decided August 25, 1994.*

(Also reported in 522 N.W.2d 588.)

For the defendant-appellant the cause was submitted on the brief of *David D. Cook* of Argyle.

For the plaintiff-respondent the cause was submitted on the briefs of *Linda Larson, Jefferson County District Attorney*, and *James E. Doyle*, attorney general, with *Thomas J. Balistreri*, assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

GARTZKE, P.J.   Duane Johnson appeals from a judgment convicting him of possession of marijuana, § 161.41(3r), STATS., a misdemeanor. Johnson pleaded guilty to the charge after the trial court denied his motion to suppress evidence. Johnson contends that the evidence was seized in violation of his Fourth and Fourteenth Amendment rights, and was therefore inadmissible on the possession charge. He seeks review of the order denying his motion under § 971.31(10), STATS. We conclude that the trial court should have suppressed the evidence. We therefore reverse the judgment of conviction and remand for further proceedings.

On November 3, 1991, Johnson was in a vehicle, shining for deer.[1] "No person may use or possess with intent to use a light for shining deer . . . while the person is hunting deer . . . or in possession of a firearm, bow and arrow or crossbow," except as provided by law. Section 29.245(3), STATS. None of the exceptions apply here. A conservation warden with the Wisconsin Department of Natural Resources stopped the vehicle. The warden told Johnson he wanted to search the vehicle for firearms and weapons, and Johnson consented

[1] "Shining" means the casting of rays of a light on a field, forest or other area for the purpose of illuminating, locating or attempting to illuminate or locate wild animals. Section 29.245 (1)(d), STATS.

to the search. The warden testified that he first searched under the driver's seat and along the driver's side of the vehicle and found no firearms or weapons. He then asked Johnson for permission to search the trunk for firearms and Johnson consented. Johnson opened the trunk, the warden searched it and found no firearms. The warden then told Johnson he wanted to search for firearms on the passenger side of the vehicle including the glove compartment. Johnson permitted the search.

The warden testified to the following. When he opened the glove compartment, he saw "a small metal tray with a film canister sitting on top of it." Based on his training and experience, he knew that "a common way to remove seeds from marijuana is on a flat surface" and that a thirty-five millimeter film canister is "a common place to keep marijuana." He "removed [the items] from the glove box, and [he] picked up the film container and . . . shook it . . . to see if [he] could tell what type of substance, if anything, was in the film container." By shaking the canister and listening, he determined that it was "light in weight; although, it was heavier than an empty container and it sounded—based on [his] training and experience again—that it could possibly contain marijuana stems and seeds and leafy vegetative-type matter." He "opened it up and looked into the film container and observed a green leafy vegetative-type matter," which smelled like marijuana. He then put down the canister and moved other items around in the glove compartment to verify there were no handguns hidden in it. Finding none, he took the film canister, shut the door, and told Johnson what he had found in the glove compartment.

Johnson was charged with possession of marijuana, § 161.41(3r), STATS. He moved to suppress evidence of the marijuana. At the conclusion of the suppression hearing, the trial court found that the warden told Johnson he was looking for weapons. Citing *Florida v. Jimeno*, 500 U.S. 248 (1991), the court concluded that because Johnson consented to a search of the glove compartment, the search of the film canister was reasonable. The trial court quoted from *Jimeno*, "[I]t is objectively reasonable for the officer to believe that the scope of the suspect's consent permitted him to open a particular container within the automobile." *Id.* at 249.

*Jimeno* is not in point. In that case, Chief Justice Rehnquist described the question before the court as "whether it is reasonable for an officer to consider a suspect's general consent to a search of his car to include consent to examine a paper bag lying on the floor of the car." *Jimeno*, 500 U.S. at 251. The *Jimeno* court answered affirmatively, noting that Jimeno had granted the officer "permission to search his car, and did not place any explicit limitation on the scope of the search." *Id.*

The facts before us differ considerably from those in *Jimeno*. By requesting permission to search Johnson's car for firearms and weapons, the warden limited the search. He sought and obtained permission for a limited search on at least three separate occasions. Because permission to search the glove compartment was limited to firearms, the search and seizure of the film canister was not consensual.

The State contends that the warden's shaking the film canister was part of the consensual search because

241

it produced no additional invasion of Johnson's privacy interest.[2] We disagree. Johnson having consented to a search of the glove compartment for firearms, the warden lawfully opened the compartment. That put the warden in the position to lawfully view the tray and canister. But he saw no marijuana on the tray. He described the tray and canister only as "drug related or drug paraphernalia related." That is why, as he testified, he needed to further examine the canister.

Although the canister itself was in plain view, its contents were not. When the police lack probable cause to believe that an object in plain view is contraband without conducting some further search of the object, the plain-view doctrine cannot justify its seizure. *Minnesota v. Dickerson*, 113 S.Ct. 2130, 2137 (1993). Without a further search of the canister, a reasonable officer in the warden's position would lack probable cause to believe that it held marijuana.

The warden removed the canister from the glove compartment. A reasonable officer in the warden's position could lawfully remove the canister from the glove compartment in order to search for firearms. However, a reasonable officer could not infer that a film canister could contain a firearm, and the warden did not testify that he suspected the canister contained a firearm. His continued examination of the canister—shaking it—for purposes unrelated to the search for firearms was a new invasion of Johnson's privacy. *Arizona v. Hicks*, 480 U.S. 321, 325 (1987).

---

[2] In its supplemental brief, the State concedes that the "plain-feel" doctrine does not apply here. *See Minnesota v. Dickerson*, 113 S.Ct. 2130, 2138-39 (1993).

█

For that reason, the court should have suppressed the evidence, the judgment of conviction must be reversed and the matter remanded for further proceedings.

*By the Court.*—Judgment reversed and cause remanded for further proceedings.